MISTROT BROTHERS AND COMPANY v. E. P. WILSON.

Decided December 15, 1905.

1.—Judgment by Default—Sickness—Plea of Privilege—Certiorari.

A nonresident defendant was sick and confined to his bed at the time a judgment by default was rendered against him. He carried the case by certiorari to

the County Court, and there presented his plea of privilege to be sued in the county of his residence. The plaintiff moved to strike out the plea of privilege because it came too late, and to dismiss the certiorari. Held, the court properly overruled the motion to strike out and dismiss.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Hunt & Myer,* for appellant.—In support of their proposition quoted in the opinion, cited: Pearl v. Puckett, 8 Texas, 303; Spinks v. Mathews, 15 S. W. Rep., 1101; Wilson v. Griffin, W. & W. Civ. Cases, sec. 1313; Davis v. Texas & P. Ry. Co., 34 S. W. Rep., 144; Engel v. Brown, 1 W. & W. Civ. Cases, sec. 803.

No brief for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This case was brought to the County Court of Harris County by appellee by writ of certiorari to the Justice Court of precinct No. 1 of said county. The petition for certiorari alleges in substance that appellant, on September 12, 1904, recovered a judgment against appellee in a suit in said Justice Court, in which appellant was plaintiff and appellee defendant, for the sum of $131.35; that at the time this judgment was rendered and for two weeks thereafter appellee was sick at his home in Hardin County and was unable to attend said court, and said judgment was rendered against him by default; that if he had been able to attend the court he would have interposed to appellant's suit his plea of personal privilege to be sued in the county of his residence, and would have shown that the account upon which said judgment was obtained against him was not correct but was entitled to numerous credits. When the case was called for trial in the County Court appellee presented a plea of personal privilege duly verified and containing all the allegations necessary to show his right to be sued in the county of his residence.

Appellant then filed the following motion to dismiss the certiorari proceedings:

"Comes now plaintiff, and moves the court to dismiss the petition and quash the writ of certiorari of the defendant Wilson, and for cause says:

"That it does not anywhere appear either from the petition or the transcript from the Justice Court, that any attempt was made to have a plea of privilege filed or acted upon, or any evidence offered, and movant alleges that the record is entirely silent on this subject, and it does not appear that any plea of privilege was ever filed in the Justice Court.

"Wherefore movant prays that said writ be quashed and petition be dismissed."

The plea of privilege and the motion to dismiss were heard together by the court and the following judgment was rendered:

"Be it remembered that on this the 12th day of November, 1904, came on to be heard in the above numbered and entitled cause the plea of privilege of the defendant E. P. Wilson;

Vol. XLI. Civil—11.

"And it appearing to the court that the above numbered and entitled cause is pending in this court on an application of certiorari sued out by the defendant E. P. Wilson, from the Justice Court, Precinct No. 1;

"And it further appearing to the court that there is a motion pending in this court to dismiss the certiorari proceedings and quash the writ;

"And it further appearing to the court that no plea of privilege was ever filed in the Justice Court;

"And it further appearing to the court that a judgment by default was rendered in the Justice Court against' the defendant;

"And it at this time appearing to the court that at the time the judgment by default was obtained the defendant was sick and confined to his bed;

"And it further appearing to the court that the fact of sickness of the defendant was not brought to the notice of the justice of the peace, nor to plaintiff's counsel at any time, and it further appearing that these facts were never set up in the Justice Court, and the court being of the opinion that said plea of privilege should be sustained, and that the motion to dismiss the plea of privilege and quash the writ in the certiorari proceedings should be overruled;

"It is considered by the court, and therefore ordered, adjudged and decreed that the said plea of privilege shall be sustained and said motion shall be overruled, and the said defendant is hereby dismissed with his costs from this court, and execution may issue for his costs in this behalf expended, to which judgment and the ruling of the court, the plaintiff, Mistrot Bro. & Co., then and there excepted, and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, Texas."

The only ground upon which appellant seeks a reversal of this judgment is thus stated in the proposition under the 'first and second assignments of error:

"Where defendant fails to appear in the Justice Court, and permits judgment by default to be rendered against him, and no plea of privilege is filed in the Justice Court, although he had notice of the filing of the suit and service of citation was made upon him, he can not raise for the first time the question of jurisdiction in the Justice Court on appeal, and he will be considered to have waived his right to plead to the jurisdiction, and sickness is no excuse where the fact of the sickness and the inability of the defendant to appear was not made known to the justice of the peace, or to counsel for the plaintiff, and the motion to dismiss the certiorari proceeding should have been sustained and the appellee's plea of privilege overruled."

Appellee was not required to file his plea of personal privilege in the Justice Court before the day on which the cause was called for trial in that court, and his failure to be present at the trial and present his plea having been shown to have been due to sickness can not be regarded as a waiver of his right to be sued in the county of his residence, and the mere fact that he failed to notify the justice of the peace or appellant's attorneys of his sickness does not affect the question. When sufficient reason is shown for the failure of a defendant to appear and answer, a default judgment against him should always be set aside, and when this is done the case stands as though there had been no trial, and

the defendant can urge any defense which he might have presented had he been present when the default judgment was taken.

The right to be sued in the county of his residence is a valuable right guaranteed to the defendant by the statutes of this State and it can not be said that he waived this right by not presenting his plea in the trial in the Justice Court when he was prevented from so doing by sickness.

It may be that under some circumstances a defendant who had the opportunity of informing the justice or the opposing side that he would not be able to attend the trial, and failed to do so, would be held guilty of such negligence that he would not be entitled to have a judgment against him by default set aside, but no such case is presented by this record.

We are of opinion that the judgment of the court below should be affirmed and it is so ordered.

*Affirmed.*