INTERNATIONAL TRAVELERS' ASS'N v.
PETERSON.   (No. 5563.)

(Court of Civil Appeals of Texas.   Austin.
Jan. 5, 1916.   On Motion for Rehearing,
March 3, 1916.)

On Motion for Rehearing.

1. JUDGMENT ⬅➡138(1) — DEFAULTS — VACA-
TION—DILIGENCE.

Where the trial was not actually delayed,
a default taken for defendant's failure to file its
answer within time should be set aside, it ap-
pearing that defendant's counsel, who resided
in another county than that of trial, mailed the
answer to a local attorney, but by mistake mis-
spelled his name, though the diligence was very
slight.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 249–251; Dec. Dig. ⬅➡138(1).]

2. JUDGMENT ⬅➡159—DEFAULT—VACATION—
MOTION.

Under Acts 33d Leg. c. 127, §§ 5, 6 (Ver-
non's Sayles' Ann. Civ. St. 1914, arts. 1829a,
1829b), a corporate defendant's motion to set
aside its default for want of answer is sufficient,
though the officer verifying it stated only that
he believed the averments of the answer setting
up the defense to be true and the sources of the
belief were not given.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 310, 312, 313; Dec. Dig. ⬅➡159.]

3. APPEAL AND ERROR ⬅➡548(4)— RECORD —
ENTRIES—CONSTRUCTION.

Where the order overruling a motion to va-
cate a default recited that the court, having
heard the motion read and argument of counsel
and fully understanding same, was of the opin-
ion that the motion should be refused, there is
a fair implication that no evidence was heard;
so one appealing from the denial of the motion
need not show what evidence was heard.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 2439; Dec. Dig. ⬅➡
548(4).]

4. INSURANCE ⬅➡451(1) — ACCIDENT INSUR-
ANCE—DEFENSES.

In an action on an accident policy which
excepted injuries received while the insured was
riding on a motorcycle, it is a good defense that
the injuries were so received.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 1171; Dec. Dig. ⬅➡451(1).]

Appeal from Travis County Court; Wm.
Von Rosenberg, Judge.

Action by G. L. Peterson against the Inter-
national Travelers' Association.   From a
judgment by default which the court refused
to vacate, defendant appeals.   Reversed and
remanded.

Seay & Seay, of Dallas, and White, Cart-
ledge & Graves, of Austin, for appellant.
Hart & Patterson and Houghton Brownlee,
all of Austin, for appellee.

KEY, C. J.   This is an appeal from a judg-
ment rendered by default, and from the ac-
tion of the trial court in refusing to set
aside that judgment and award appellant a
new trial.   Appellant's domicile is in Dallas
county, and the motion to set aside the de-
fault judgment, which was filed in time,
states that appellant's general attorneys in
Dallas prepared an answer and forwarded

it to Austin in time for it to have been filed
in the trial court; that the intention was
to forward the answer to Ireland Graves, an
attorney residing in Austin, who, if he had
received the answer, would have filed it,
and thereby prevented the rendition of the
judgment by default.   It is further stated in
the motion that Attorney Ireland Graves has
been commonly known as Pat Graves, and
that appellant's counsel at Dallas was not
aware of the fact that such was not his real
name, and that, while the intention was to
address the envelope in which appellant's an-
swer was contained to Pat Graves, through
inadvertence and mistake it was addressed to
"Pat Greaves."   The motion set up other
facts which it is claimed show that appellant
had a meritorious defense, which we deem it
unnecessary to set out, as we hold that it is
not shown that the court committed error,
even though appellant had a meritorious de-
fense.   The motion is signed by Seay & Seay,
of Dallas, Tex., and White, Cartledge &
Graves, of Austin, Tex., and is verified by
Ireland Graves, who states that he is one
of the attorneys of record for the defendant,
and that the facts stated in paragraph 1 of
the motion are true, and that each and all
of the facts stated in the motion are by him
believed to be true.   The first paragraph of
the motion relates to the question of dili-
gence, and does not set up or deal with ap-
pellant's defense to the appellee's suit.   At
the same time that the motion referred to
was filed appellant filed an original answer,
which alleges, among other things, that the
contract between appellant and appellee, in
effect, stipulated that appellant was not to
be liable on its obligation to pay accident
insurance when the injury resulted while
riding a motorcycle, and further alleges that
appellee's injuries were sustained while he
was riding a motorcycle.   The answer is
sworn to by appellant's secretary, who mere-
ly states, as shown by the officer's jurat,
"that he believes that the facts set forth in
the above and foregoing answer are true."
There is no statement of facts or bills of
exception showing what, if any, testimony
was heard by the court in passing upon the
motion to set aside the default judgment.
On these facts we hold:

1. That the motion failed to show suffi-
cient excuse for not filing an answer before
the case was called on the appearance docket.
It shows that, when the answer was return-
ed to the Dallas attorneys by the postoffice
authorities, those attorneys immediately com-
municated by telephone with Ireland Graves,
thereby indicating that, if they had exercis-
ed as much diligence before the judgment re-
ferred to was rendered as they exercised
when they ascertained that the answer had
not been filed, that judgment would not have
been rendered.   The envelope which con-
tained the answer is attached to appellant's

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

motion, and it shows in plain, typewritten words that it was addressed to "Pat Greaves," and the motion merely states that the name "Greaves" was used through inadvertence and mistake, and we regard that statement as too general. By whose inadvertence or mistake was a different name written from that of the Austin attorney? Was it a mistake made by a stenographer in failing to correctly take or transcribe dictation, or was it a mistake made by the attorney who prepared and forwarded the answer? If by the former, there might be some excuse, but, if by the latter, we fail to see why it should be excused as he knew the Austin attorney's name was "Graves," and not "Greaves." Furthermore, it is made to appear that Mr. Graves, to whom it is said the answer was intended to be sent, is a member of a law firm in the capital of the state, and it is not shown that the sender of the document did not know that fact, and, if he did, it would not have been the exercise of proper care, even if he had directed it to Pat Graves. But, as a matter of fact, and as stated before, it was directed to a different name, and the direction contained no street or number nor anything indicating that the addressee was an attorney; and, considering these facts, and keeping in mind the fact that the answer could have been sent to the clerk of the court, and thereby have prevented the judgment by default, we hold that the motion failed to show sufficient diligence.

2. We also hold that the motion was not properly verified as regards the defense to the plaintiff's cause of action. As to that branch of the case the jurat of the officer merely shows that Mr. Graves stated on oath that he believed the facts set up in that regard in the defendant's answer were true, without even stating the source of his information; and, if the answer referred to can be looked to in aid of the motion, its verification is equally defective, as the secretary who swore to the answer merely stated that he believed the facts therein set forth to be true. It is one thing to swear that a fact exists, and another to swear that the affiant believes that it exists; and while, in some instances, it may be permissible for an affiant to make an affidavit upon information and belief, giving the source of information, even that was not done in this case. Some of the facts set up in appellant's answer, if true, must have been known to its secretary, and therefore he could have sworn positively to such facts.

3. We are inclined to the view that appellant should have made it appear, by bill of exception or otherwise, that the court heard no other testimony in passing upon the motion, though it is not necessary to decide that question. It may have been shown by clear and undisputed proof that appellee was not riding a motorcycle at the time that he was injured, and therefore the trial court may have concluded that appellant was not entitled to have the case reopened, when it was certain that it did not have a meritorious defense.

Judgment affirmed.

## On Motion for Rehearing.

[1] Upon further consideration of this case on motion for rehearing we have reached the conclusion that this court fell into error in affirming the judgment, and that a rehearing should be granted, the judgment reversed, and the cause remanded for a further trial. In Dowell v. Winters, 20 Tex. 794, in considering the question of diligence in cases of this sort, our Supreme Court announced and applied the following rule:

"But, where the trial has not been delayed, and there is an affidavit of merits, we think the default should be set aside, and the answer received, upon some showing by way of excuse for the failure to plead in time. The excuse proffered in this case was certainly very slight. But it appears that the counsel acted under a mistake of law. Both counsel and client appear finally to have done their best to make amends; they present what seems to be a strong case of merits; and there is reason to apprehend that, if not allowed to make defense, irreparable injury may be the consequence. For, having no such excuse for not having made his defense to the action as a court of equity would deem sufficient, the defendant may not be entitled to an injunction to stay execution upon the judgment, until he shall have established his cross-demands against the plaintiff in another suit. It does not appear that the trial would have been delayed; the plaintiff would not have been injured or hindered by reason of the default; and, on the whole, we conclude that the court ought, under the circumstances, to have set aside the judgment by default, upon the payment of costs, and permitted the defendant to answer to the merits of the action, and that the court erred in refusing it."

Tested by the rule of diligence there prescribed, we have reached the conclusion that appellant's motion in the court below to set aside the judgment by default disclosed sufficient diligence.

[2] Upon the second point decided against appellant, relating to the verification of the motion to set aside the judgment by default, we have reached the conclusion that, inasmuch as the verification was in compliance with the act of 1913 (Acts 33d Leg. c. 127, §§ 5, 6 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 1829a, 1829b]), which was then in force regulating practice, it was sufficient.

As to the other point, to the effect that it is not shown what, if any, evidence was heard by the court below when it considered the motion to set aside the default judgment, we are not prepared to hold that it was incumbent upon the appellant to make any showing in that regard.

[3, 4] However, it is not necessary to decide that point, as the record indicates, with reasonable certainty, that nothing outside of the motion was considered by the court. The order overruling the motion recites:

"And the court, having heard said motion read, and the argument of counsel thereon, and

fully understanding same, is of the opinion that said motion should be refused."

A fair implication from the recital quoted justifies the conclusion that nothing but the motion and the argument of counsel thereon were presented to or considered by the trial court when the motion was disposed of.

In deciding the case before we did not find it necessary and did not pass upon the question as to whether the motion to set aside the default judgment, in connection with the answer filed at the same time, showed a meritorious defense. Having decided to change our former rulings upon the other questions, it has become necessary for us to consider the latter question, which has been done, and the conclusion reached that the motion and answer show a meritorious defense, which, briefly stated, is that, by the terms of the contract of insurance, it was stipulated that appellant was not to be liable if at the time of appellee's injury he was riding a motorcycle, and appellant alleged that he was so doing at the time in question. We do not agree with appellee's construction of the contract; but, on the contrary, hold that it exempts appellant from liability if appellee was riding a motorcycle at the time of his injury.

For the reasons stated, appellant's motion for rehearing is granted, the former judgment of this court is set aside, and the judgment of the trial court is reversed, and the cause remanded for further proceedings consistent with this opinion.

Rehearing granted.    Reversed and remanded.

# MEMORANDUM DECISIONS