IRL CRADDOCK V. SUNSHINE BUS LINES, INCORPORATED.

No. 7386. Decided November 22, 1939.
Rehearing overruled February 14, 1940.
(133 S. W., 2d Series, 124.)

*Wynne & Wynne,* of Wills Point, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that it was an abuse of the discretion of the trial court to refuse to grant a new trial when the evidence showed that citation had been served upon the defendant, but that defendant had misplaced same and failed to forward it to the insurance company which was carrying its insurance, and that defendant or any one else did not file an answer. Lawther Grain Co. v. Winniford, 249 S. W. 195; Aviation Credit Co. v. University Aerial Co., 59 S. W. (2d) 871; Employers' Reinsurance Corp. v. Brock, 74 S. W. (2d) 435.

*Thompson, Knight, Baker, Harris & Wright, Pinkney Grissom* and *Rhodes S. Baker, Jr.,* all of Dallas, and *A. A. Dawson,* of Canton, for defendants in error.

Defendant, having within the time required by law filed his motion to set aside the default judgment, and set forth facts which constituted a reasonable excuse for failure to file an answer, which if true, would have defeated plaintiff's cause of action, was entitled to an order setting aside the default judgment and setting the case down for trial on its merits. Dowell v. Winters, 20 Texas, 793; Janes v. Langham, 33 Texas 604; Holliday v. Holliday, 72 Texas 581, 10 S. W. 690.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Judgment by default for $15,400 was rendered in favor of plaintiff in error Irl Craddock, hereinafter called plaintiff, against defendant in error Sunshine Bus Lines, Inc., hereinafter called defendant, for damages for personal injuries sustained by plaintiff and his wife and also injuries to their automobile, all resulting from a collision between the automobile in which they were riding and a bus belonging to defendant. On the day following the rendition of the default judgment a motion to set same aside and grant a new trial was filed by defendant, which motion was later amended and the amended motion overruled. On appeal the Court of Civil Appeals at Fort Worth reversed the trial court's judgment and remanded the cause with in-

structions to that court to vacate the default judgment and set the case down for trial on its merits in its regular order. 112 S. W. (2d) 248.

The suit was filed in the trial court on August 25, 1936, and at the same time two citations were issued, one to Van Zandt County and the other to Kaufman County, both citations being returnable on September 7th. The Van Zandt County citation was served on the agent of defendant in that county on the day it was issued and the Kaufman County citation was served the following day by leaving a copy thereof at the business office of defendant in that county. Defendant carried indemnity insurance with the Travelers Insurance Company, and, by the terms of the policy, the Insurance Company was obligated to defend law suits of the nature of the instant one.

In its motion for a new trial defendant alleged that after the citations were served in the manner above indicated they were sent to John H. Awtry & Company, general agents of the Insurance Company; that Awtry & Company transmitted them with a letter to the Insurance Company on August 28th; that the envelope containing the letter and citations was opened by a lady employee in the claims department and by her passed on to a Mr. Morrison, who was in charge of that department, along with other mail received on that day; that Morrison checked the letter in such manner as to indicate that it related to urgent business and was to be returned to his desk with the files on the case either that afternoon or the next day; that due to a recent hail and wind storm in Dallas, which produced 400 claims against the company the claims department was running behind with its work, and in order to meet the situation thus created the important mail was separated from that which was not so important and the former received first attention; that in some unexplained manner, the letter transmitting the citation became mixed with the general, or less important mail after being checked by Morrison, and was not discovered until September 10, the day upon which the default judgment was rendered in Van Zandt County; that upon its discovery, Morrison immediately took the citation to the attorneys of the Insurance Company, who proceeded with dispatch to ascertain the status of the matter, and on the following day filed a motion for a new trial; and that the attorneys representing plaintiff were advised of the foregoing facts and were also advised that the defendant was willing to try the case on its merits on the day the motion was filed or on any subsequent day. Facts were alleged which, if true, constitute a meritorius defense to the cause of action. Facts were also

alleged which, if true, would establish that the judgment for $15,400 is grossly excessive.

Upon a hearing of the motion evidence was offered in support of all the material allegations therein contained. It was made further to appear upon the hearing that, if the judgment by default had been set aside on September 11, and a new trial granted, the plaintiff could have obtained a trial as soon as he could have done had an answer been filed before appearance day. It was also made to appear at the hearing that one of defendant's attorneys, on the date the motion was filed, offered, on behalf of his client, to pay the plaintiff all of the expenses incurred in obtaining the default judgment. In short, it was shown, at least prima facie, that, had the default judgment been set aside and the case tried in its regular order, the plaintiff would have been in no worse position than he would have been had an answer been filed prior to the rendition of the default judgment.

■ An investigation of the question presented for decision by the above facts leads naturally for a beginning point to the case of Dowell v. Winters, 20 Texas 793. In that case the defendant employed an attorney to answer for him, and the only excuse for his failure to do so was his mistake as to the law. The court, speaking through Justice Wheeler, recognized that the excuse was "certainly very slight!" but held that, since some excuse was proffered, the trial court should have set aside the default and granted a new trial. The opinion pointed out that it was not the intention of the attorney to suffer judgment to go by default. There was, of course, a showing made upon the hearing of the motion for a new trial of a meritorious defense, and it was also made to appear that the trial would not have been delayed, nor would the plaintiff otherwise have been injured, by the granting of the motion. Our court at that early date recognized the importance of setting up a guiding principle to rule in the decision of this important question of practice, as is manifest from this language taken from its opinion: "But the practice in our own courts ought to be referable to some general principle, to produce uniformity * * *." The Court then announced that principle in this language:

"But where the trial has not been delayed, and there is an affidavit of merits, we think the default should be set aside and the answer received, upon some showing by way of excuse for the failure to plead in time. * * *"

Some excuse, but not necessarily a good excuse, was the

test there prescribed. When the opinion in that case is analyzed, it seems clear that the absence of an intentional failure to answer rather than a real excuse for not answering was the controlling fact.

In the case of Houston & T. C. Ry. Co. v. Burke, 55 Texas 323, the facts with reference to the excuse for failure to answer in time were strikingly similar to those in the instant case. The agent of the Railway Company who was served with citation should have forwarded same to Houston, but by mistake forwarded it to the general freight agent at another place. The freight agent was absent from his office and the citation remained on his desk until after default was taken. The trial court overruled a motion to set aside the default judgment and, in reversing the trial court's judgment, the Supreme Court, speaking through Justice Gould, used this language:

"* * * We think the facts stated so far excused the failure to answer, that, if there was also a showing of a valid and meritorious defense, the court should have allowed the defendant an opportunity to make that defense available. The case made out is one of mistake and accident appealing strongly for relief from the judgment, if it be made to appear that the defendant would otherwise be deprived of a valid and meritorious defense. * * *."

There are many other cases by the courts of this State of the same general import as the two above signled out, of which the following may be cited: Janes v. Laugham, 33 Texas 604; Sedberry v. Jones, 42 Texas 11; Cowan v. Williams, 49 Texas 380; Springer v. Gillespie, 56 S. W. 369; Clewis v. Snell, 59 S. W. 910; Mistrot Bros. v. Wilson, 41 Texas Civ. App. 160, 91 S. W. 870; Pecos & N. T. Ry. v. Pierce, 117 S. W. 911; International Travelers Ass'n. v. Peterson, 183 S. W. 1196; Miller v. First State Bank, 184 S. W. 614; Jackson v. Pure Oil Operating Co., 217 S. W. 959; Walker v. Harris, 227 S. W. 360; First National Bank v. Southwest National Bank, 273 S. W. 951; Borger v. Mineral Wells Clay Products Co., 80 S. W. (2d) 333.

Applying the rule announced in the Dowell-Winters case and followed in the other cited cases to the facts of the case before us the certain conclusion is reached that the trial court should have granted the motion of the defendant to set aside the default judgment and reinstate the case on its docket. The failure to answer was on account of a mistake and was not intentional. The press of business resulting from the storm certainly constituted some excuse for the oversight; and the

showing that there existed a meritorious defense, and that the plaintiff would not have suffered any injury by the granting of the motion, makes a strong appeal for relief from the judgment.

■ An inspection of the many decisions by our several courts on the question here involved reveals that the purpose of the court in the Dowell-Winters case in announcing the principle to which the practice should be referable, namely, to produce uniformity, has not been fully realized. Some lack of uniformity still exists. This is probably due, in part at least, to the fact that the question is controlled by principles of equity and it accordingly has been announced many times that its decision is directed to the sound discretion of the trial court. Naturally appellate courts will differ on the delicate question of whether trial courts have abused their discretion. While trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle. Trial judges desire and are entitled to have a principle or rule to guide them, and we, therefore, reannounce, in slightly changed language the rule established by the above authorities, as follows: A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court November 22, 1939.

Rehearing overruled February 14, 1940.