Carl Mott v. TDCJ-ID et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-257-CV

     CARL MOTT,
                                                                              Appellant
     v.

     TEXAS DEPARTMENT OF CRIMINAL
     JUSTICE INSTITUTIONAL DIVISION,
     ET AL.,
                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 31,007
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Mott, an inmate, appeals from an order of the trial court dismissing his pro se in
forma pauperis lawsuit.
      Appellant filed a suit pro se in forma pauperis on August 18, 1997, against Appellees, the
Texas Department of Criminal Justice-Institutional Division, Dr. James T. Robison, Assistant
Warden Charles C. Bell, and Rochelle McKinney, Regional Director, seeking a mandamus to
require Appellees to give appropriate health care and, specifically, to prescribe for him more than
20 Dimetapp pills for 30 days. Appellant had previously sought relief through the Inmate
Grievance System to no avail. The trial court on August 26, 1997, dismissed Appellant's action
as frivolous pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code.
      Appellant filed a pauper's affidavit pursuant to Rule 145, Texas Rules of Civil Procedure. 
Chapter 14, § 14.003, Texas Civil Practice & Remedies Code, applies to suits brought by an
inmate who has filed an affidavit of inability to pay costs. Section 14.003(a) allows a court to
dismiss a suit before or after process is served if the court finds (1) the allegation of poverty is
false; (2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or unsworn
declaration required by Chapter 14 that the inmate knew was false. In determining whether a
claim is frivolous or malicious, the court may consider whether (1) the claim's realistic chance of
success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear the party cannot
prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim
filed by the inmate.
      Section 14.004 requires the inmate to file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the case name, the case number,
the court in which it was brought, the names of the parties, and the result of the suit. Id. §
14.004(c).
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939).
      Appellant's petition was not accompanied by the affidavit or unsworn declaration required by
§ 14.002 or by the certified copy of the inmate's trust account statement as required in Chapter
14. 
      Chapter 14 was designed to control the flood of frivolous lawsuits being filed by prison
inmates, consuming valuable judicial resources with little offsetting benefit. Hickson v. Moya, et
al., 926 S.W.2d 379 (Tex. App.—Waco 1996, no writ).
      The supplemental filing required by § 14.004 is designed to assist the court in making
determinations the Legislature called upon it to make; thus it is an essential part of the process by
which the court reviews inmate cases.
      Because the court can dismiss where an inmate files a false affidavit or declaration, that same
policy allows the court to dismiss a suit filed without the affidavit or declaration. Hickson, supra. 
The trial court did not abuse its discretion in dismissing Appellant's suit.
      Appellant contends by way of an “interlocutory” brief that Chapter 14 of the Texas Civil
Practice & Remedies Code is “unconstitutional,” is “civil white wash,” and “designed to further
delay [inmate] litigants their day in court.” We overrule Appellant’s contention.
      The order of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed November 19, 1997
Do not publish