Damon Downs v. Debra Guthrie, et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-294-CV

     DAMON DOWNS,
                                                                              Appellant
     v.

     DEBRA GUTHRIE, ET AL.,
                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 30,919
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Downs, an inmate, appeals from an order of the trial court dismissing his pro se 
in forma pauperis lawsuit.
      This case was brought pro se and in forma pauperis by Appellant, an inmate at the Hughes
Unit in Gatesville, seeking expungement of a disciplinary action taken against him in 1996. His
suit, filed on July 12, 1997, included a declaration regarding his trust account as required by
chapter 14, Texas Civil Practice & Remedies Code. Also he included a declaration as follows: 
"My litigation history consists of the following: (1) No. 28,098, Downs v. Campbell, (2) No.
29,142, Downs v. Parkes, (3) Downs v. Kerr, (4) Downs v. Dowdy."
      Appellees filed a motion to dismiss Appellant's suit asserting Appellant filed an unsworn
declaration he knew to be false in that he failed to list his federal litigations including (1) No. W-94-CA259, Downs v. Scott, and (2) No. CA-114, Downs v. Texas Department of Criminal
Justice; and that Appellant failed to mention that in the last-named case he had been sanctioned
$500 and enjoined from communicating with the Federal Court in Waco.
      Thereafter, on September 12, 1997, Appellant filed a Supplemental Declaration in which he
listed 13 cases he had previously filed pro se in forma pauperis.
      On October 3, Appellee Moya filed a supplemental motion to dismiss Appellant's action in
which Moya lists 3 additional lawsuits filed by Appellant pro se in forma pauperis which he failed
to inform the court about in his supplemental declaration.
      The trial court, on October 8, entered an order granting Moya's motion to dismiss Appellant's
suit.
      Appellant appeals contending the trial court erred in ruling that the statute which requires an
affidavit of previous filings requires an inmate to list causes of action filed before the statute's
effective date.
      Section 14.001, et seq., became effective June 8, 1995. Appellant argues that it only requires
him to list suits filed since June 8, 1995. He further argues that the statute does not require him
to list habeas corpus cases. He asserts that he no longer has paperwork from his older cases and
that it is not possible to give information on them from memory. He asserts he has provided as
much information as he could remember; that many older inmates have litigation dating back to
the 1960's and 1970's and it would be impossible to recall cases that far back. Additionally, he
says that he has been diagnosed with a bipolar disorder and takes medication which makes him
sleep 12 to 15 hours a day, and that the only coping mechanism that allows him to exist normally
is to block from his mind things which anger and frustrate him—and that is why he overlooked
some of the cases he had filed.
      Appellant filed a pauper’s affidavit pursuant to Rule 145, Texas Rules of Civil Procedure. 
Chapter 14, sec. 14.003, Texas Civil Practice & Remedies Code, applies to suits brought by an
inmate who has filed an affidavit of inability to pay costs. Section 14.003(a) allows a court to
dismiss a suit before or after process is served if the court finds (1) the allegation of poverty is
false, (2) the claim is frivolous or malicious, or (3) the inmate filed an affidavit or unsworn
declaration required by chapter 14 that the inmate knew was false. In determining whether a claim
is frivolous or malicious, the court may consider whether (1) the claim’s realistic chance for
success is slight, (2) the claim has no arguable basis in law or fact, (3) it is clear the party cannot
prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim
filed by the inmate.
      Section 14.004 requires the inmate to file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the case name, the case number,
the court in which it was brought, the names of the parties, and the result of the suit. Id. §
14.004(c).
      Our review of a dismissal under chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v.. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939).
      Appellant’s petition was not accompanied by the affidavit or unsworn declaration required by
section 14.002. Appellant’s declaration was incomplete and failed to disclose information required
by the statute in the prior cases that he did list.
      Chapter 14 was designed to control the flood of frivolous lawsuits being filed by prison
inmates consuming valuable judicial resources with little offsetting benefit. Hickson v. Moya, et
al., 926 S.W.2d 379 (Tex. App.—Waco 1996, no writ).
      The supplemental filing required by section 14.004 is designed to assist the court in making
determinations the Legislature called upon it to make; thus, it is an essential part of the process
by which the court reviews inmate cases.
      Because the court can dismiss where an inmate filed a false affidavit or declaration, the same
policy allows the court to dismiss a suit filed without an affidavit or declaration, or an incomplete
affidavit or declaration.
      We further hold that the affidavit or declaration must include all cases filed pro se in forma
pauperis by the inmate before, on or after June 8, 1995, the effective date of § 14.004, et seq; and
that such statute does require the listing of habeas corpus cases.
      The trial court did not abuse its discretion in dismissing Appellant’s suit. We overrule all of
Appellant’s contentions.
      The order of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
Before Chief Justice Davis
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 21, 1998
Do not publish