NUMBER 13-07-0034-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MALRIE VENSON ELLIS, Appellant,


v.


MANDA KAY ELLIS, Appellee.

 


On appeal from the 1A District Court 

of Tyler County, Texas


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela


 

 This is an appeal from the trial court's denial of a motion for new trial after a default
judgment. Because we find that appellant, Malrie Ellis, has not properly preserved his
complaint on appeal, we affirm.

 Appellee, Manda Ellis, filed an original petition for divorce against Malrie Ellis on
May 17, 2006. Malrie was served with the petition on July 29, 2006, but did not file an
answer. On September 8, 2006, the trial court granted a default judgment against Malrie. 
Thereafter, Malrie timely filed a motion for new trial. Tex. R. Civ. P. 329b. The trial court
held a hearing on the motion for new trial on November 7, 2006. The motion was overruled
by operation of law. Tex. R. App. P. 33.1(b).

 In his sole issue on appeal, Malrie asserts that "the trial court abused its discretion
in dividing the community estate of the parties." 

 It is well established Texas law that in order to set aside a default judgment, the
defendant must show: 1) the failure of the defendant to answer was not intentional or the
result of conscious indifference on his part, but was due to accident or mistake; 

2) the defendant alleges a meritorious defense; and 3) the motion for new trial is filed at
a time when its granting will not cause delay or otherwise work injury to the plaintiff. 
Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939).

 On appeal, Malrie complains only that the trial court abused its discretion in dividing
the community estate of the parties. He does not address or argue on appeal that the trial
court abused its discretion because he established the Craddock elements. Id. Because
Malrie complains only of the property division and does not complain that the trial court
erred in denying his motion for new trial because he established the Craddock elements,
we conclude that Malrie has failed to preserve error. (1) It is not enough for Malrie to argue
the Craddock elements only in a motion for new trial. Compliance with the Craddock test
must also be raised on appeal. Tex. R. App. P. 33.1; see also Stewart v. C.L. Trammell
Props., Inc., No. 05-04-01027-CV, 2005 WL 2234637, at *2 (Tex. App.-Dallas Sept. 15,
2005, no pet.) (supp. mem. op. on rehearing) ("[i]t is not enough for [appellant] to argue all
three Craddock elements in her motion for new trial. She must also raise and address
them on appeal."). Malrie's sole issue is, therefore, overruled.

 Accordingly, we affirm the judgment of the trial court.

 

 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 7th day of February, 2008.
1. In his motion for new trial, Malrie argued only two of the Craddock elements: 1) that he had a
meritorious defense, and 2) that the granting of a new trial "would not injure Manda Kay Ellis." Craddock v.
Sunshine Bus Lines, Inc., 133 S.W.2d at 126. At the motion for new trial hearing, he did not discuss the
element requiring him to show that the failure to file an answer was not intentional or the result of conscious
indifference, but was due to accident or mistake. We note that in closing argument, his attorney mentioned
this element; however, even if we were to liberally construe this to conclude that Malrie alleged the Craddock
elements in his motion for new trial, he still has not properly briefed this on appeal. See Tex. R. App. P.
38.1(h).