NO. 07-08-0125-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 6, 2008

_____

IN THE INTEREST OF M.A.A., A CHILD

_____

FROM THE 72ND DISTRICT COURT OF CROSBY COUNTY;

NO. 6,942; HON. KEVIN HART, PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Tony Sarinana, Jr., is the natural father of M.A.A., who was the subject of a parental rights termination suit filed by the Texas Department of Family and Protective Services (Department). For the reasons expressed herein, we will reverse the trial court's judgment and remand this case for a new trial.

Factual and Procedural Background

On October 17, 2006, the Department filed an original petition seeking immediate possession of M.A.A. and requesting to terminate the parental rights of the parents. The parents were alleged as Bertha Hinojosa, mother, and Alfredo Anzaldua, father. DNA testing conducted after the filing of the original action excluded Anzaldua as the father. On April 12, 2007, Hinojosa signed an affidavit of status naming Sarinana as the possible father. On April 26, 2007, the Department filed an amended pleading alleging Sarinana as the father and requesting his parental rights be terminated. Citation for service on Sarinana was issued on May 15, 2007, and Sarinana was subsequently served with the citation on that same day. Service was obtained on Sarinana at the Crosby County Jail, where he was an inmate. Sarinana was transferred to the custody of the Institutional Division of the Texas Department of Criminal Justice (TDCJ) two days prior to the deadline for filing an answer. A final hearing was conducted by the Associate Judge on October 4, 2007, and a default order terminating Sarinana's parental rights to M.A.A. was entered on February 14, 2008.[1]

On November 20, 2007, the clerk of the court received a letter from Sarinana requesting information about the termination suit and requesting DNA testing. The letter further asserts that, when Sarinana was transferred to TDCJ, all of his paperwork regarding the termination suit was lost or misplaced and, therefore, he did not have access to it. By a letter dated February 26, 2008, Sarinana requested the assistance of the clerk of the

---

[1] The order erroneously reflected a date of entry of February 14, 2007. However, this error was corrected by the trial court by a subsequent judgment *nunc pro tunc.*

court in obtaining the proper paperwork so that he might appeal the decision to terminate his parental rights. This letter also contained information advising the clerk of the location of Sarinana within the TDCJ system. By separate letter dated the same date, Sarinana also filed a motion for a bench warrant and an original answer that contained a request for an appointed lawyer based on Sarinana's indigence. In a letter dated February 27, 2008, and filed with the clerk the same day as the other letter, Sarinana gave another notice of appeal and request for DNA testing. This letter further contained a declaration of inability to pay costs with an attached unsworn declaration that all of the facts stated in the documents were true and correct. The trial court entered an order appointing an attorney for purposes of appeal on March 4, 2008. The attorney filed a motion to set aside the default judgment on March 10, 2008. The March 10, 2008, motion to set aside the default judgment was filed outside the 15 day window established by the Texas Family Code and, therefore, cannot be considered by this Court. See TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2005).[2] A hearing was conducted by the trial court on Sarinana's motion to set aside the default on March 14, 2008. During the hearing on the out-of-time motion to set aside the default judgment, the trial court concluded that the letters from Sarinana to the court's clerk made it clear he was attempting to set aside the default judgment and that the trial court should hear the request. However, the trial court appeared to conduct the hearing on the basis of the out-of-time motion filed by appointed counsel. At that hearing, the trial court entered an order for DNA testing on Sarinana and a judgment *nunc pro tunc* correcting the date of the original order terminating Sarinana's parental rights. Because

---

[2] All further references to the Texas Family Code will be by "ch. __" or "§ ___."

more than 30 days passed between the date the court signed its default order and the court's ruling on the motion to set aside default judgment, the motion was overruled by operation of law. § 263.405(d).[3]

Through two issues, Sarinana alleges that the trial court committed reversible error. We find the allegations in Sarinana's first issue to control the disposition of this matter and will only address that issue.

Motion to Set Aside Default Judgment

Through his first issue, Sarinana alleges that he presented sufficient evidence to require the trial court to set aside the default judgment and, consequently, the failure to do so requires that we reverse the judgment. The first question we must determine is what motion was the trial court attempting to hear on March 14, 2008. A review of the record demonstrates that the trial court considered Sarinana's letters filed with the clerk on February 28, 2008, as being a request for a new trial.[4] Further, the letters alleged the same grounds formalized in counsel's motion of March 10, 2008. Because the original order terminating the parental rights of Sarinana was based upon his perceived default, we can only conclude that the trial court was hearing evidence to set aside the default judgment. Accordingly, even though counsel's motion to set aside default was outside the

---

[3] The trial court held a subsequent hearing on appointed counsel's amended motion to set aside default on June 12, 2008. That motion and hearing is not before the Court.

[4] Our review of these documents reveals that they also evidenced Sarinana's desire to appeal the default judgment and comply with the requirements of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 25.1(d).

statutory 15 day period, the trial court still had the issue before it by virtue of Sarinana's *pro se* filings.

We review the denial of a motion for new trial under an abuse of discretion standard. See Dir., State Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). The test for reviewing the entry of a default judgment was first enumerated in the Craddock case. See Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The Texas Supreme Court ruled that a default judgment should be set aside when 1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, 2) the movant sets up a meritorious defense, and 3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the other party. Id. This test for setting aside a default has been applied to termination cases by the Texas Supreme Court. See In re R.R., 209 S.W.3d 112, 114-15 (Tex. 2006). We will address each element in turn.

The record reflects that Sarinana was not the first person alleged to be the father. After the initial party was excluded by DNA testing, the mother of M.A.A. filed an affidavit of status. This resulted in Sarinana being served on May 15, 2007. At the hearing to set aside the default judgment, Sarinana's appointed counsel presented to the court evidence showing that Sarinana had been transferred from the Crosby County Jail to a TDCJ unit two days prior to his answer date. Through Sarinana's letters to the clerk of the court, it was further established that all of his paperwork regarding the termination action had been lost or misplaced at the time of transfer. Further, beginning with his letter of November 20, 2007, Sarinana continuously tried to determine the status of the case and seek assistance

5

in fighting the termination.  In the hearing on the motion to set aside the default judgment, the Department raised the question of why Sarinana had not contacted their office during this period.  The record reflects that Sarinana had been furnished an address for the Department, however, the address was not correct.  There was no further evidence regarding that matter before the court.  It is further established in the record that Sarinana consistently requested that he undergo DNA testing to determine if he was the father.  The failure to file an answer has been held to have been intentional or due to conscious indifference when "the defendant knew it was sued but did not care."  Id. at 115 (citing Fid. and Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 576 (Tex. 2006)).  Based on this record, Sarinana's failure to file an answer was not intentional nor the result of conscious indifference.

Turning to the question of a meritorious defense, we begin by reviewing the amended pleadings filed by the Department regarding Sarinana.  Those pleadings alleged, in addition to the statutory default provisions of Ch. 161, that Sarinana: 1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child and 2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child.[5]  As to the allegations in the amended petition, the record contains only vague references to Sarinana and what he knew or did not know about the child.  Further, in his affidavits and letters, which were made part of this record, Sarinana

---

[5]There was a third allegation that he had executed an unrevoked or irrevocable affidavit of relinquishment, which is not applicable to the case because the record fails to reveal any evidence regarding the execution by Sarinana of the alleged affidavit.

averred that he had no knowledge of the child until he was served. Sarinana also states that it was never his desire to abandon the child nor to avoid his responsibilities. This evidence raises a meritorious defense to the allegations contained in the Department's amended pleadings.

Regarding the third issue under Craddock, the record reflects that the child, M.A.A., continues to reside in the same foster home. There is nothing in the record that would indicate that the child's situation will be, in any way, harmed by granting a new trial. It is true that the foster parents have indicated a desire to adopt the child, however, we do not view the delay in the adoption process as being any harm to the child. Further, the attorney appointed to represent Sarinana has indicated that she is ready to go to trial immediately.

Based on the record before us, we find that Sarinana met the requirements to obtain a new trial. Accordingly, the trial court erred when the new trial was not granted.

Conclusion

Having determined that a new trial should be granted, we reverse the judgment of termination as to Sarinana and remand this case for a new trial.[6]

Per Curiam

---

[6] Our disposition of this appeal renders the parties' agreed motion to dismiss the appeal moot. Therefore, we deny the motion. The parties' motion would have this Court reverse the judgment by agreement without rendering a written opinion, something we cannot do. See TEX. R. APP. P. 47.1.