

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00203-CV

IN THE INTEREST OF D.Z. AND
E.Z., CHILDREN

----------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 322-550611-14

----------

## MEMORANDUM OPINION[1]

----------

Appellant V.C. (Mother) appeals from the trial court's default judgment adjudicating Appellee E.Z. (Father) the father of children D.Z. and E.Z.2, awarding Father sole managing conservatorship of the children, and allowing her visitation with the children only when Father agrees. In three issues, Mother contends that the trial court erred by proceeding to trial without notice to her,

---

[1]*See* Tex. R. App. P. 47.4.

abused its discretion by failing to grant her motion for new trial because she satisfied the *Craddock*[2] standards, and abused its discretion by failing to provide a specific possession order that can be enforced by contempt. Because we hold that Mother's post-citation written document filed with the trial court constitutes an answer, we sustain her first issue, reverse the trial court's judgment, and remand this case for trial.

Father filed a petition to adjudicate paternity on January 30, 2014, and Mother was served on February 11, 2014. The citation and return affidavit were filed February 14, 2014. On March 5, 2014, Mother filed a handwritten document with the trial court containing the following:

> Cause #
> 322-550611-14
>
> ˜ You may contact me at
>
> [her phone number]
> [her email address]
> [her home address]

[Mother's name]

There is no indication that she served the document on Father, and he denied in the trial court that she gave him proper notice.

On March 11, 2014, Father proved up a default judgment. With regard to Mother's filed document, the trial court stated that while the filing constituted an answer in the sense that it was a communication with the court, the trial court

---

[2]*Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939).

2

would not consider it to be a proper answer because it did not address anything in the petition.

The trial court heard testimony by Father that Mother had not made attempts to visit the two children in at least a year and a half. The trial court rendered judgment adjudicating Father's paternity, naming him sole managing conservator, and awarding visitation as agreed between the parties. The trial judge specifically stated that there was "just cause for this visitation order because the Mother ha[d] not visited her children [in] over one and a half years."

Mother obtained counsel and filed a motion for new trial due to "the discovery of new evidence relevant to custody and possession" and on the ground that failure to file a proper answer was an "honest mistake." During the hearing on Mother's motion for new trial, Father's attorney admitted to having had actual notice of the document Mother filed before rendition of the default judgment:

> Yeah. I . . . knew about it when I got to court, and that was—it's in my response to the new trial as well. I put that I was not noticed of it. **When we came to court, we did see it that day. We saw there was no affirmative pleadings or anything, so we went forward with the default**—
>
> I'm sorry[]
>
> —and that's—that's where we are. [Emphasis added.]

The trial court denied the motion (1) because it was not verified and (2) because the trial court held that the reason Mother had cited for not responding to the pleadings—an honest mistake—was an inadequate reason as

3

it did not satisfy statutory requirements for a new trial. Mother then filed a notice of appeal and subsequently filed her brief. Father did not file a brief.

In her first issue, Mother contends that the trial court erred by proceeding to trial without notice to her. We agree. As we explained in *Travis v. Coronado*,[3]

> The United States Supreme Court directs us to hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Further, Texas law favors allowing liberal amendment of pleadings and giving litigants the chance to cure pleading defects whenever possible. [Finally], Texas law abhors default judgments. As the San Antonio Court of Appeals has pointed out,
>
>> Traditionally any sort of appearance will defeat a default. Indeed, the courts have gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them. This is proper because of the unfair outcome that can result from a default.
>>
>> . . . .
>>
>> Default judgments are designed to promote efficiency in disposing of cases where the defendant shows no interest in the adjudication of the cause, either by failing to answer a lawsuit or appear for trial on the merits in the cause.
>>
>> . . . .
>>
>> It makes sense that to grant a default judgment against a defendant where the defendant has attempted to acknowledge or dispute a pending lawsuit is inconsistent with the judicial goals default judgment seeks to further. The furtherance of these goals justifies

---

[3]No. 02-03-00023-CV, 2004 WL 221227 (Tex. App.—Fort Worth Feb 5 , 2004, no pet.) (mem. op.).

> Texas courts' interpreting any kind of written response in such a way to elevate it to the level of an answer.
>
> . . . .
>
> Texas courts are willing to bend over backward to call something that is not an answer an answer to prevent inequity or injustice in the context of a default judgment.[4]

The document Mother filed is dated after the date of the return of citation. It contains three ways to contact her and what appears to be her signature. Following *Travis*, we hold that this document constitutes an answer.[5]

As we further explained in *Travis*,

> When an answer has been filed, well-established law forbids entering a default judgment against a defendant who has received no notice of trial. A trial court's failure to comply with the rules of notice in a contested case deprives a party of his constitutional right to be heard, resulting in a fundamental due process violation. If the respondent does not have notice of the trial setting as required by rule 245, the default judgment should be set aside.[6]

Mother's answer was filed March 5, 2014, it did not concede any issues, and the prove-up hearing was held six days later, only forty days from the date the petition was filed. Thus, the record demonstrates the impossibility of Mother's receiving the required forty-five days' notice of trial.[7] Because the trial

---

[4]*Id.* at *1–2 (citations omitted).

[5]*See id.* at *2.

[6]*Id.* (citations omitted).

[7]*See* Tex. R. Civ. P. 245.

court failed to give Mother notice of trial,[8] we sustain her first issue, which is dispositive, and we do not reach her remaining issues.[9]

Having sustained Mother's dispositive issue, we reverse the trial court's judgment and remand this case for trial.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: May 21, 2015

---

[8] *See id.*; *Travis*, 2004 WL 221227, at *2.

[9] *See* Tex. R. App. P. 47.1.

6