Review denied.
This matter concerns a post-answer default judgment in a divorce and petitioner Charles Gauger's subsequent quest for a new trial. In maintaining that the trial court should have set aside the default judgment, he relies on two uncontroverted affidavits he submitted with his Motion for New Trial and Request for Evidentiary Hearing. There is no dispute that Gauger's motion was timely filed, the hearing he requested was not held, and his motion was overruled by operation of law.
Gauger does not take issue with the court of appeals' recitation of the proper *155 standard-conscious indifference-against which his failure to appear must be measured. See 2017 WL 2698458, at *2 (Tex. App.-Eastland 2017). However, he argues that the appeals court did not properly apply that standard in affirming the trial court's judgment. He urges that the appeals court substantively and erroneously applied a negligence standard.
Gauger posits that his efforts do not in any way demonstrate that he was consciously indifferent to the divorce proceedings or the scheduled final hearing. He maintains that even though he or an attorney representing him failed to attend the hearing, his uncontroverted affidavits show conclusively that the failure was due to an accident or mistake on his part, and there is no evidence that he was indifferent to the final hearing or failed to take actions to be represented at it. Gauger asserts that his motion and the uncontroverted affidavits required the trial court to grant a new trial under standards established in Craddock v. Sunshine Bus Lines, Inc. , 134 Tex. 388, 133 S.W.2d 124 (1939) and its progeny.
Gauger's petition presents an opportunity for the Court to clarify and reinforce the standards for setting aside a post-answer default judgment. I would grant the petition for review, and respectfully dissent from the Court's failure to do so.