

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-17-00403-CV

_____

## IN THE MATTER OF THE MARRIAGE OF
## GABRIELA S. JACKSON AND RANDY JACKSON
## AND IN THE INTEREST OF C.N.J., A CHILD

_____

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. DC-D201700773

_____

## MEMORANDUM OPINION

_____

In two issues, appellant, Randy Jackson, challenges the trial court's final divorce decree. Specifically, appellant argues that: (1) the trial court erred in awarding to appellee, Gabriela S. Jackson, indefinite child support, medical support as additional child support, and post-majority college expenses because such relief exceeded the relief pled for in appellee's original petition for divorce, and because the evidence supporting the awards is insufficient; and (2) the evidence supporting the division of property is not supported by sufficient evidence. Because we conclude that appellant has not properly preserved his complaints on appeal, we affirm.

# I.  BACKGROUND

On June 23, 2017, appellee filed her original petition for divorce.  Three days later, appellant was served with a copy of appellee's divorce petition.  However, despite being timely served, appellant did not file an answer or any affirmative pleadings in this matter.

On October 27, 2017, the trial court held a final hearing on appellee's divorce petition.  Neither appellant nor his attorney appeared for the final hearing.[1]  After hearing testimony from appellee, the trial court granted a default judgment in favor of appellee.

Thereafter, appellant filed a motion for new trial, arguing that, among other things, that the default judgment should be set aside because his failure to answer was not intentional or the result of conscious indifference, but was due to his mistaken belief that he did not need to file an answer given the parties purportedly were in settlement negotiations.  Appellant also lodged several complaints about the trial court's division of the community estate.  The trial court denied appellant's motion for new trial, and this appeal followed.

# II.  ANALYSIS

It is well established Texas law that in order to set aside a default judgment, the defendant must show:  (1) the failure of the defendant to answer was not intentional or the result of conscious indifference on his part, but was due to accident or mistake; (2) the

---

[1] Indeed, the final decree of divorce specifically stated:  "Respondent, Randy Jackson, although duly and properly cited, did not appear and wholly made default."

motion for new trial sets up a meritorious defense; and (3) granting a new trial will occasion no undue delay or otherwise injure the party taking the default judgment. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939). The defaulting party has the burden of proving that all three elements of the *Craddock* test are met before a trial court is required to grant a motion for new trial. *See Freeman v. Pevehouse*, 79 S.W.3d 637, 641 (Tex. App.—Waco 2002, no pet.).

On appeal, appellant complains that the trial court abused its discretion by dividing the community estate unequally and by awarding appellee indefinite child support, medical support as additional child support, and post-majority college expenses. Nowhere in his brief does he argue that the trial court abused its discretion because he established the *Craddock* elements. *See* 133 S.W.2d at 126; *see also Freeman*, 79 S.W.3d at 641. Because appellant does not complain on appeal that the trial court erred by denying his motion for new trial given that he established the *Craddock* elements, we conclude that appellant has failed to preserve error. It is not enough for appellant to argue the *Craddock* elements only in his motion for new trial; rather, compliance with *Craddock* must also be raised on appeal. *See* TEX. R. APP. P. 33.1; *see also Ellis v. Ellis*, 2008 Tex. App. LEXIS 906, at **2-3 (Tex. App.—Corpus Christi Feb. 7, 2008, pet. denied) (mem. op.); *Stewart v. C.L. Trammell Props., Inc.*, No. 05-04-01027-CV, 2005 Tex. App. LEXIS 7637, at *8 (Tex. App.—Dallas Sept. 15, 2005, no pet.) (supp. mem. op. on re'hg) ("{I]t is not enough for [appellant] to argue all three *Craddock* elements in her motion for new trial.

She must also raise and address them on appeal.").  Therefore, based on the foregoing, we overrule all of appellant's issues on appeal.

## III.  CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
(Chief Justice Gray dissenting with a note)*
Affirmed
Opinion delivered and filed October 10, 2018
[CV06]

*(Chief Justice Gray dissents.  A separate opinion will not issue.  He notes, however, that a *Craddock* issue on appeal is unnecessary to preserve the issues raised by the appellant.)

