

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00260-CV

_____

APRIL POLLEFEYT, Appellant

V.

TEXAS HEALTH RESOURCES D/B/A ARLINGTON MEMORIAL HOSPITAL;
DR. JOSEPH BORRELLI; AND HOLLY DUNN, RN, Appellees

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-299269-18

Dissenting Memorandum Opinion by Chief Justice Sudderth

# DISSENTING MEMORANDUM OPINION

Because I would hold that the trial court did not abuse its discretion, I respectfully dissent.

A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

Under the *Craddock* test, Appellant April Pollefeyt was first required to establish that her failure to appear at the dismissal hearing was "not intentional, or the result of conscious indifference . . . but was due to a mistake or an accident." *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). As the majority points out, Pollefeyt's evidence on this first prong of the *Craddock* test consists of a statement contained in her verified "Motion to Retain Case to the Docket":

> [t]he act resulting in this dismissal was not intentional or an [sic] conscious act or conscious indifference but was an accident or mistake of the civil rules of procedure and the request for the court to allow me to take leave to amend the pleading and be granted that request if the request was made 24 hours prior to the hearing set for the dismissal in which I did not [sic] aware that the order was not signed to grant me that leave. The evidence that was to be attached to amended pleading was lost temporarily due to the laptp [sic] in which the evidence of the medical documentation was locked due to some unknown happening.

2

The phrase, "[t]he act resulting in this dismissal was not intentional or an [sic] conscious act or conscious indifference but was an accident or mistake of the civil rules of procedure," is conclusory and establishes nothing.

As for the remaining phrase in the first sentence, "and the request for the court to allow me to take leave to amend the pleading and be granted that request if the request was made 24 hours prior to the hearing set for the dismissal in which I did not [sic] aware that the order was not signed to grant me that leave," it fails to articulate a reason for failing to attend the dismissal hearing.[1]

In her motion, Pollefeyt does not state that she failed to appear *because* of anything. She does not state that her failure to appear was *due to* anything. She does not state that her request for leave to amend the pleading and her lack of awareness that her motion for leave had not been granted *was the basis for* her failing to appear at the hearing or that it *caused* anything at all. Cause and effect, or any connection between attending a hearing and amending a pleading, being conspicuously absent, Pollefeyt wholly failed to connect these dots (assuming these dots were somehow connectable).

The majority not only assumes that the dots are connectable but also generously connects the dots in Pollefeyt's favor by reading words into her statement

---

[1]The last sentence about the "unknown happening" likewise adds no information of value to answer the question of why Pollefeyt failed to attend the hearing.

3

that do not appear there. The majority speculates that what Pollefeyt *meant* to say was that "she had mistakenly believed that her motion to amend her pleadings was sufficient to retain the case on the docket."[2] *See* Maj. Op. at 4. If we are to speculate as to her meaning, it is also plausible that she intended to say that she simply decided not to bother attending the hearing because she had not been made aware that the trial judge did not grant leave. The latter, unfavorable reading, would prove conscious indifference. Because words must be added to reach either conclusion, we should neither tip the scales one way or the other through charitable interpretation nor require that the trial court do so. Especially when the trial court was presented with a record replete with rambling, dubious, and illogical claims,[3] I would not find an abuse

---

[2]I agree with the majority that in Pollefeyt's unverified second motion to retain the case on the docket, she asserted that she "was I'll [sic] due to the Parasitic infection the Plaintiffs [sic] contracted from the defendants," and that she "thought that the Court had indeed granted the request for the additional time" to appear in court. But Pollefeyt cannot rely on an unverified pleading to satisfy her burden of proof. We have held that parties seeking to set aside default judgments bear the burden of submitting competent evidence—through testimony or affidavits—to establish accident or mistake, as opposed to conscious indifference. *In re E.P.C.*, No. 02-10-00050-CV, 2010 WL 5187691, at *2 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op.). The trial court cannot be faulted for following the law and requiring more than Pollefeyt's unverified motion to satisfy her burden of establishing the first prong of the *Craddock* test.

[3]By way of example, paragraph 19 of Pollefeyt's "Complaint" states:

Holly Dunn acting alone or in collusion with various staff of Arlington Memorial namely Blane Camel did in fact attempt to edit or rewrite the medical record of Ms. Pollefeyt to falsely state that the Plaintiff was positive for an illicit narcotic and other falsehoods in a [sic] effort to cover up the incident that is written in the complaint above proven by

4

of discretion in the trial court's failure to attribute words to Pollefeyt that she did not utter.

If Pollefeyt had established, as the majority contends, that "she had mistakenly believed that her motion to amend her pleadings was sufficient to retain the case on the docket," then I would agree that the trial court abused its discretion by denying her motion to reinstate. But Pollefeyt did not say this. What she said fell woefully short of this. Therefore, I would hold that the trial court's interpretation of Pollefeyt's written words was not *without* reference to any guiding rules or principles but was instead based *upon* guiding rules and principles, i.e., basic English language semantics. *See Low*, 221 S.W.3d at 614; *Cire*, 134 S.W.3d at 838–39. Nor would I find the trial court's decision to be arbitrary or unreasonable.

I would affirm.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: April 16, 2020

---

the 2nd set of medical records that contain the "audit trail" which these portions are not included in the 3rd set of records.

5