

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00374-CV

_____

TRADITIONS OIL & GAS, LLC, APPELLANT

V.

COMAC WELL SERVICE, INC., APPELLEE

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 42,699; Honorable Curt W. Brancheau, Presiding

March 18, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Traditions Oil & Gas, LLC, appeals a no-answer default judgment granted in favor of Appellee, Comac Well Service, Inc. Because we find the trial court erred by entering the default judgment at issue, we reverse that judgment and remand the cause for further proceedings.

BACKGROUND

Comac instituted the underlying lawsuit by filing its *Original Petition and Application to Foreclose Natural Resource Lien* on January 9, 2017. Service of process was made by sending the original citation, with petition attached, to C T Corporation System, by certified mail, return receipt requested. The return receipt, indicating the date of delivery as January 23, 2017, was then filed with the district clerk on January 30, 2017.

On February 15, 2017, Comac sought and obtained a no-answer default judgment in which the trial court granted it judgment against Traditions for (1) $122,781.56 as the principal amount due for goods and services, (2) $588.67 as interest on the principal amount due to the date of judgment, (3) $1,830.00 as attorney's fees, (4) $404.23 as court costs, (5) post-judgment interest as provided by law, (6) foreclosure of an unspecified mineral lien, (7) an order of sale, (8) an order of possession, and (9) contingent attorney's fees in the event of an appeal to this court or the Texas Supreme Court. The next day, February 16, 2017, the trial court entered its *Default Judgment (Amended)* to include an exhibit describing the properties to be foreclosed. On February 21, 2017, Traditions filed its *Original Answer.*

Thereafter, on March 15, 2017, Traditions filed its unsworn *Motion to Set Aside Default Judgment and for New Trial*, seeking to set aside the February 16 amended default judgment. In its pleading, Traditions averred that its failure to timely file an answer was not intentional or the result of conscious indifference, that there was no evidence to support the unliquidated damages requested by Comac, and that setting aside the default judgment would not work a prejudice as to Comac, nor would it result in any undue delay

2

of the proceedings. That same date, without a hearing, the trial court ordered that both the original and amended default judgments be "set aside and vacated in [their] entirety."

On April 1, 2017, Comac filed its unsworn *Motion for Reconsideration of Defendant's Motion for New Trial and to Vacate Order.* After an exchange of letters, but again without a formal hearing or the presentation of any evidence, on August 29, 2017, the trial court signed its *Order Vacating Previous Order Granting Defendant's Motion for New Trial and Reinstating Amended Default Judgment* which provided that the "Order entered by this Court on [March] 15, 2017, wherein the Court granted Defendant's request for a new trial and vacated the Amended Default Judgment previously granted in favor of Plaintiff, be vacated in its entirety . . . ." The trial court further ordered that the "Amended Default Judgment previously vacated by the Court on [March] 15, 2017, is hereby reinstated, for which let execution issue."

Traditions's *Second Motion to Set Aside Default Judgment* and its *Amended Second Motion to Set Aside Default Judgement* were filed, but never ruled upon by the trial court. As a result, on September 28, 2017, Traditions filed its *Notice of Appeal.* By four issues, Traditions maintains the trial court erred by (1) entering a default judgment on Comac's pleadings because the cause of action is unspecified, (2) "reinstating" a default judgment after an answer has been filed, (3) denying Traditions's second motion to set aside the default judgment, and (4) awarding unliquidated damages without an evidentiary hearing. Because Traditions's second issue is dispositive, it is unnecessary for us to address issues one, three, and four. TEX. R. APP. P. 47.1.

3

As a matter of necessity, we must first clearly establish our point of beginning and identify just which order is being appealed by the parties (and, conversely, which orders are not being appealed) before we can disentangle the legal issues created by the "reinstatement" of the amended default judgment of February 16, 2017. While *Notice of Appeal* filed by Traditions states that it desires to appeal three separate orders: (a) the *Default Judgment* signed February 15, 2017, (b) the *Default Judgment (Amended)* signed February 16, 2017, and (c) the *Order Vacating Previous Order Granting Defendant's Motion for New Trial and Reinstating Default Judgment* signed August 29, 2017, it actually only seeks the review of one order, the order of August 29th vacating the new trial previously granted and "reinstating" the amended default judgment of February 16, 2017.

When a trial court vacates or sets aside a prior order granting a new trial and "reinstates" the original judgment, the trial court is technically entering a *new* judgment and the original judgment is not reinstated. *Arkoma Basin Exploration Co. v. FMF Associates 1990-A, Ltd.*, 249 S.W.3d 380, 391 (Tex. 2008) (holding that if a judgment is modified in any respect, it is the modified judgment, not the original judgment, that determines appellate jurisdiction). Even if a trial court has the authority to reconsider its prior order granting a motion for new trial, such reconsideration does not have the legal effect of "reinstating" the original judgment. *Southwest Warren, Inc. v. Crawford*, 464 S.W.3d 822, 826-27 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding that "even if a trial court has the authority to reconsider a grant of a motion to extend the post-judgment deadlines, such a reconsideration does not have the legal effect of setting the post-judgment deadlines back to their original deadlines"). In *Crawford,* the court went on to

4

hold that an "order reinstating the original judgment does not void or otherwise render the grant of a new trial a nullity.  (Citations omitted).  "It, in effect, creates a new judgment that is identical to the original judgment in all ways except for the date of signing."  *Id.* at 827.  As such, the August 29th order is the appealable order the subject of this appeal. *See Arkoma,* 249 S.W.3d at 391.  *See also Gathe v. Gathe*, 376 S.W.3d 308, 315 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that the "ungranting" of a new trial does not reinstate the original judgment but, instead, requires the trial court to enter a new judgment).

Here, the trial court granted Traditions's *Motion to Set Aside Default Judgment and for New Trial*, effectively rendering the February 16, 2017 *Default Judgment (Amended)* a nullity for all purposes.  The trial court cannot, thereafter, ignore Traditions's filing of an answer prior to its consideration of Comac's *Motion to Reconsider.*  Because a trial court may not enter a no-answer default judgment against a defendant when that defendant has an answer on file—even if the answer was not timely filed—the August 29, 2017 order "reinstating" the amended default judgment against Traditions is void.  *See* TEX. R. CIV. P. 239.  *See also Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989); *Thomas v. Gelber Group*, 905 S.W.2d 786, 788 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("A default judgment may not be granted when the defendant has an answer on file, even if the answer was filed late.").

Furthermore, we need not address Traditions's contention that Comac's pleadings fail to assert a *bona fide* suit on sworn account pursuant to Rule 185.  *See* TEX. R. CIV. P. 185. Even if Comac's pleading could be construed as a valid suit on sworn account, an issue we do not reach, Traditions's filing of a general, unsworn denial still renders the

entry of a default judgment inappropriate. *Reitmeyer v. Charm Craft Publisher*, 619 S.W.2d 441, 442 (Tex. Civ. App.—Waco 1981, no writ).

CONCLUSION

The trial court erred in entering the order of August 29, 2017, "reinstating" its prior no-answer default judgment that had previously been set aside and had no continuing legal effect. Accordingly, we reverse the judgment of the trial court, enter an order denying Comac's *Motion to Reconsider*, and remand the cause to the trial court for further proceedings consistent with this opinion.


Patrick A. Pirtle
Justice