# Supreme Court of Texas

No. 21-0584

In the Matter of the Marriage of Anthony Lynn Williams and
Theresa Gayle Williams

On Petition for Review from the
Court of Appeals for the Sixth District of Texas

**PER CURIAM**

This case presents the question whether a defendant challenging the sufficiency of the evidence to support a default judgment must, to preserve error, also file a motion for new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). Because a *Craddock* motion for new trial and a sufficiency challenge are distinct, we conclude that the defendant was entitled to raise her sufficiency challenge without also satisfying *Craddock*. Accordingly, we reverse the court of appeals' judgment and remand for further proceedings.

Respondent Anthony Lynn Williams sued his wife, petitioner Theresa Gayle Williams, for a divorce. After Theresa failed to answer, the trial court rendered a default judgment granting the divorce and dividing the marital estate. Theresa then filed a motion for new trial contending that Anthony's attorney lied, telling her that the final

hearing had not yet been scheduled when it had. Theresa raised neither insufficiency of the evidence nor *Craddock* in the trial court.

At the hearing on her motion for new trial, Theresa admitted that she had been served but failed to file an answer because she hoped that she and Anthony would reach a settlement. Theresa testified that she called Anthony's attorney after she was served and received his assurance that he would advise her of any final hearing date. She said that Anthony's attorney never called, which caused her to miss the final hearing. Anthony's attorney testified that he made no promises to Theresa. After the hearing, the trial court denied the motion for new trial.

Theresa appealed to the Waco Court of Appeals, and we transferred the case to the Texarkana Court of Appeals for docket equalization purposes. *See* TEX. GOV'T CODE § 73.001. In her brief, Theresa contended that the trial court abused its discretion in the property division because there was no evidence that certain assets were Anthony's separate property and no evidence showing that the division was just and right. She did not assign as error the trial court's denial of her motion for new trial.

Following precedent from the Waco Court, *see* TEX. R. APP. P. 41.3, the Texarkana Court held that "this omission results in a failure to preserve error of other claims raised on appeal, including whether the trial court erred in its property division." __ S.W.3d __, 2021 WL 1521978, at *1 (Tex. App.—Texarkana Apr. 19, 2021) (citing *In re Marriage of Jackson*, No. 10-17-00403-CV, 2018 WL 4925780, at *1 (Tex. App.—Waco Oct. 10, 2018, no pet.)). The court of appeals affirmed the

2

trial court's judgment and denied Theresa's subsequent motion for rehearing.

Theresa then filed a petition for review in this Court, arguing that *Craddock* governs an equitable challenge to a default judgment while evidentiary sufficiency is a legal challenge. In Theresa's view, the court of appeals' holding that she failed to preserve her sufficiency challenge is incorrect because *Craddock* does not govern legal challenges to default judgments. She also points to Rule 33.1(d) of the Texas Rules of Appellate Procedure, which provides that a complaint of evidentiary insufficiency in a civil nonjury trial may be raised for the first time on appeal.

In response, Anthony argues that a party seeking to challenge a default judgment on appeal must first move for a new trial and establish the *Craddock* elements in the trial court. In his view, it is inefficient to allow a defaulting party to challenge a property division on appeal without having raised that challenge in her motion for new trial.

We agree with Theresa and hold that a failure to file a motion for new trial under *Craddock* in the trial court does not foreclose a party's ability to raise on appeal an evidentiary challenge to a default property division. We therefore reverse.

When a properly served defendant fails to file an answer within the time provided, the plaintiff may obtain a default judgment. TEX. R. CIV. P. 239. One way that a defendant may attack that judgment directly is by filing a motion for new trial. *See* TEX. R. CIV. P. 320. Under *Craddock*, a default judgment should be set aside and a new trial ordered when the defaulting party shows that: (1) the failure to appear

3

was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. 133 S.W.2d at 126.

A defendant need not file a motion for new trial before filing a notice of appeal, however. *See* TEX. R. APP. P. 25.1, 26.1. And with exceptions not applicable here, a motion for new trial is not a prerequisite to raising a complaint on appeal. *See* TEX. R. CIV. P. 324(a). Moreover, Texas Rule of Appellate Procedure 33.1(d) specifically offers a defaulting party an appellate remedy to challenge the sufficiency of the evidence in a case tried to the bench. In nonjury cases, "a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief." TEX. R. APP. P. 33.1(d). Under this rule, Theresa's complaint that the trial court's property division was not supported by the evidence is a sufficiency challenge that may be raised for the first time on appeal regardless of whether she also sought a new trial.

This conclusion finds additional support in the differences between a sufficiency challenge and a *Craddock* motion. We have consistently characterized *Craddock* as an equitable doctrine. *See, e.g.*, *Sutherland v. Spencer*, 376 S.W.3d 752, 757 (Tex. 2012). A motion under *Craddock* does not attempt to show an error in the judgment; rather, it seeks to excuse the defaulting party's failure to answer by showing the *Craddock* elements. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002). In contrast, a complaint of legally or factually insufficient evidence assails the judgment, seeking to show

4

that it is not supported by evidence presented in the trial court. *See, e.g., Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241-42 (Tex. 2001).

Our decision in *Holt Atherton Industries, Inc. v. Heine* confirms that the sufficiency of the evidence to support a default judgment can be challenged even though the challenging party is not entitled to have the default set aside under *Craddock*. 835 S.W.2d 80, 83-84 (Tex. 1992). There, we held that the trial court had not abused its discretion by denying a motion for new trial because it could have concluded from the evidence that the *Craddock* elements were not met. *Id.* at 83. But we went on to hold that there was legally insufficient evidence to support the unliquidated damages awarded in the default judgment. *Id.* at 85-86. And we explained that "when an appellate court sustains a no evidence point after an *uncontested* hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages." *Id.* at 86.

Although defaults and sufficiency challenges operate somewhat differently in the divorce context, there is similarly no reason in that context to require a *Craddock* motion as a prerequisite to a sufficiency challenge. In a suit for divorce, the pleadings are not deemed admitted by the defendant's failure to appear, so the plaintiff must present sufficient evidence to support the material allegations in the petition. *See* TEX. FAM. CODE § 6.701. In addition, legal and factual sufficiency challenges do not constitute independent grounds for asserting error, but they are relevant factors in determining whether the trial court abused its discretion. *See Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). To determine whether a trial court abused its discretion

5

because the evidence was legally or factually insufficient to support its decision, a court must consider (1) whether the trial court had sufficient evidence upon which to exercise its discretion and, if not, (2) whether the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *See, e.g., Lynch v. Lynch*, 540 S.W.3d 107, 127-30 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). Rather than holding Theresa's sufficiency challenge waived, the court of appeals should have performed this analysis.

The court of appeals was constrained to follow the transferor court's contrary holding in *Jackson*, 2018 WL 4925780, at *1, which cited a similar holding in *Ellis v. Ellis*, No. 13-07-0034-CV, 2008 WL 328025, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 7, 2008, pet. denied).[1] For the reasons given above, we disapprove *Jackson* and *Ellis*.

\* \* \*

The court of appeals erred in holding that Theresa waived her sufficiency challenge because she did not also raise a *Craddock* challenge. Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant Theresa's petition for review, reverse the court of appeals' judgment, and remand the case to the court of appeals for further proceedings.

**OPINION DELIVERED:** June 10, 2022

---

[1] *Jackson* also cited the decision in *Stewart v. C.L. Trammell Properties, Inc.*, No. 05-04-01027-CV, 2005 WL 2234637, at *1 (Tex. App.—Dallas Sept. 15, 2005, no pet.). But *Stewart* followed the same approach to the *Craddock* and sufficiency challenges that we took in *Holt Atherton*.

6