In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-21-00094-CV
_____

## JAMES STEPHEN SCROGGINS, Appellant

## V.

## MARGIE LILLIAN SCROGGINS, Appellee

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-02-02544-CV**

## MEMORANDUM OPINION

In this divorce proceeding, James Scroggins appeals the trial court's judgment arguing the trial court improperly denied his motion for continuance which denied him a fair opportunity to present his case, that the trial court incorrectly denied his motion for new trial, that the trial court signed a final judgment that improperly divides the parties' marital estate, and the trial court failed to make necessary

1

findings of fact and conclusions of law. Finding no reversible error, we affirm the trial court's judgment.

## I. Background

### A. Procedural History of the Case

James and Margie Scroggins[1] were married in 1958. After nearly sixty years of marriage, they separated and James filed a petition for divorce, alleging insupportability and requesting the trial court to divide the parties' community estate. *See* Tex. Fam. Code Ann. §§ 6.001, 7.001. Margie filed a counter-petition making the same requests and adding the grounds of cruelty and adultery; she further requested that she be awarded a disproportionate share of the community estate on multiple grounds, including James' fault in the breakup of the marriage. *See* Tex. Fam. Code Ann. §§ 6.002, 6.003.

During the pendency of the case, the parties requested and received four continuances on various grounds, including incomplete mediation, a schedule conflict, and James' and his attorney's Covid-19 illnesses. On November 23, 2020, one week before the November 30, 2020 trial setting, James requested a fifth continuance based on an allegation that due to his mental condition he might be unable to withstand the stress of a trial. The trial court denied his motion, and in James' absence, proceeded to trial on November 30 as scheduled. The trial court

---

[1] For the sake of clarity, we will refer to the parties by their first names.

signed a final decree of divorce dividing the parties' marital estate on January 26, 2021. James filed a timely motion for new trial, which the trial court also denied.

## B. The Trial Testimony

Three witnesses testified in the trial, Margie Scroggins, Katlin Hall, and Patricia Hall.[2] Although James did not attend, his attorney was present and participated in the trial.

### 1. Margie Scroggins' Testimony

Margie testified as to the acquisition and disposition of the parties' property during their marriage and transfers of real property to and from herself, her daughter Patricia, and her granddaughter Katlin, and to characterization of her separate property and that of the marital estate.

She further described James' physical, emotional, and financial abuse during their marriage, noting that James had assaulted her in the past and as recently as after they separated in 2018.

### 2. Katlin Hall's Testimony

Katlin, Margie's and James' granddaughter, testified that Margie gave her a tract of real property as a present on her birthday, that Margie had inherited from her mother. Later, Katlin transferred a different parcel of property to Margie,

---

[2] Each party's attorney testified as to attorney's fees, but that testimony is not relevant to the disposition of this appeal.

temporarily, without intending to convey any interest in the property to James. Katlin, as the owner of the parcel, was involved with a lawsuit regarding property taxes and lived in Dallas. Katlin testified that she deeded the property to her grandmother temporarily so that her grandmother might attend hearings regarding the taxes on her behalf. Once the tax matter was resolved, it was the intent of both Katlin and her grandmother that the parcel would be deeded back to Katlin. No money changed hands in these transactions. The parcel previously belonged to Patricia and was awarded to Patricia during her divorce from Katlin's father.

### 3. Patricia Hall's Testimony

Patricia is Margie's and James' daughter and Katlin's mother. She testified to the relationship between her parents, and between herself and her parents, indicating that her father was abusive to her and to Margie. Patricia testified that when she gave Margie gifts, she never intended to give an interest in what she gave Margie to James.

Patricia confirmed that she received a tract of property in Conroe as part of a settlement in her divorce. She explained this is the same tract she gave Katlin, that Katlin gave Margie, and that Margie gave back to Katlin. Patricia also testified that Margie gave her a one-half interest in some property on Lake Livingston that Margie had inherited but Patricia later transferred title to that property back to Margie.

4

## C. The Hearing on the Motion for New Trial

In his motion for new trial, James argued that the trial court abused its discretion in denying his fifth motion for continuance that he filed one week before trial. In the motion, James claimed the evidence introduced during the bench trial was legally and factually insufficient to support the trial court's judgment. The basis of his insufficiency complaint was that Margie had transferred ownership of real estate in derogation of James' rights to reimbursement, and the transfers had deprived him of his rightful part of the parties' community estate. Although the motion, itself, did not reference newly discovered evidence, James argued that ground at the hearing, claiming that Margie had claimed no interest in certain real property during the divorce trial, yet apparently had reversed her position in a pleading filed in another unrelated lawsuit.

### 1. James Scroggins' Testimony

At the hearing on the motion, James testified that he was unable to attend the trial because he needed to obtain medical care due to respiratory, cardiac, and psychiatric difficulties, which he attributed to the effects of having suffered from an infection by the virus, Covid-19.

## 2. Margie Scroggins' Testimony

Margie testified that she is not claiming an interest in the land referenced in James' motion for new trial and any pleading that indicates otherwise was filed as the result of a misunderstanding.

## II. Standard of Review

We review a trial court's ruling on a motion for continuance for a clear abuse of discretion. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984). An abuse of discretion exists when a trial court "'reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Marchand*, 83 S.W.3d at 800 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). A trial court may consider the entire procedural history of the case when deciding a motion for continuance. *Qurashi v. Jabeen*, No.14-12-00858-CV, 2013 WL 2644182, at *3 (Tex. App.—Houston [14th Dist.] June 11, 2013, pet. denied) (mem. op.). We review the trial court's denial of James' motion for new trial and its division of the community estate under the same standard. *See Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987) (addressing a motion for new trial); *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018) (addressing property division). We will not disturb the trial court's exercise of its discretion unless it acted without regard to guiding rules or principles, and the error

6

was harmful, meaning that it probably resulted in the rendition of an improper judgment. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132, 136 (Tex. 2012); Tex. R. App. P. 44.1(a)(1).

### III. Analysis

James' brief expressly mentions only two specific appellate points: the trial court erred in the denial of his motion for continuance and the trial court erred in its denial of his motion for new trial. It is clear from the substance of the arguments made in his brief, however, that James is also complaining about the trial court's division of the parties' community property, and the court's failure to make findings of fact and conclusions of law regarding the parties' net assets. We therefore address each of these arguments.

#### A. Motion for Continuance

As noted above, James filed his fifth motion for continuance on November 23, 2020, one week before trial. James asserts in his motion that he needed a continuance because his "primary care physician has recommended that he have a formal psychiatric evaluation to decide if he is competent to stand a divorce trial[;]" he does not allege he needed a continuance because of the Covid-19 pandemic or its effects on either James or his attorney. Although the motion was verified by James' attorney, it was supported by only a letter from a doctor rather than an affidavit, as required by the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 251. Because

the motion was not supported by an affidavit, it did not comply with Rule 251. For that reason, the trial court did not abuse its discretion in denying the motion. *See In re F.E.M.,* No. 11-12-00257-CV, 2013 WL 1092716, at *6 (Tex. App.—Eastland Mar. 14, 2013, pet. denied) (mem. op.).

James also failed to comply with Rule 252. The motion fails to set forth James' intended testimony or the anticipated evidence and importance of the evidence he would have offered at trial. *See* Tex. R. Civ. P. 252. In pertinent part, the rule states:

> If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, it if be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done[.]

*Id*.

James' motion for continuance fails to state what James intended to prove through his testimony or how his testimony was material to the court's division of the parties' property. Therefore, the trial court did not abuse its discretion in denying the motion because the motion did not comply with Rule 252. *See Tri-Steel Structures, Inc. v. Baptist Found. of Tex.*, 166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied).

8

Because the trial court did not abuse its discretion in denying James' motion for continuance, we overrule his first point.

## B. Motion for New Trial

In his second stated issue on appeal, James complains of the trial court's denial of the motion for new trial. In his motion for new trial, James contended not only that the trial court abused its discretion in denying his motion for continuance, but that the evidence was legally and factually insufficient to support the trial court's judgment.

We have addressed the motion for continuance complaint above and need not revisit it in the context of James' motion for new trial. As for James' complaints of legal and factual insufficiency of the evidence, for the reasons discussed below, we overrule his complaints.

Although James' motion for new trial addresses the reason for his absence from trial and his purported meritorious defense to Margie's claims, we find that the *Craddock v. Sunshine Bus Lines, Inc.* standard does not apply to this case because the trial court did not enter a default judgment against James.[3] 133 S.W.2d 124, 126

---

[3] In *Craddock,* our Supreme Court articulated the standard for setting aside a no-answer default judgment. That standard requires the defaulting party to establish that his absence from trial was not intentional or the result of conscious indifference; to set up a meritorious defense; and show that granting the motion for new trial will not prejudice the plaintiff. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The same standard applies when a trial court enters a post-

(Tex. 1939). In *LeBlanc v. LeBlanc*, the Texas Supreme Court held that when a party's attorney appears at trial in the party's absence, the trial court has conducted a trial on the merits. 778 S.W.2d 865 (Tex. 1989) Here, as in *LeBlanc*, there was no default and no basis for applying a default judgment standard to James' motion for new trial.

## C. Findings of Fact and Conclusions of Law

In his third issue on appeal, James complains that the trial court failed to file findings of fact and conclusions of law after a "timely and proper request." He contends that this failure on the part of the trial court has prevented him from making a proper appeal to this court, and that he therefore is entitled to a new trial pursuant to applicable case authority. *See* Tex. R. App. P. 44.1(a)(2).

The trial court signed its judgment on January 26, 2021. Rule 296 of the Texas Rules of Civil Procedure requires a request for findings of fact and conclusions of law to be filed within twenty days after the judgment is signed. *See* Tex. R. Civ. P. 296. James filed his request on April 14, 2021, more than twenty days after the judgment was signed. While this request was filed within twenty days after the trial court signed the order denying the motion for new trial, the filing of a motion for new trial does not extend the timetable pursuant to Rule 296. *See* Tex. R. Civ. P.

---

answer default judgment against a defendant. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925-26 (Tex. 2009).

296. His request for findings of fact and conclusions of law was not timely pursuant to Rule 296 of the Texas Rules of Civil Procedure, and James consequently has waived any complaint of the trial court's failure to act on it. *See* Tex. R. Civ. P. 296; *Howe v. Howe*, 551 S.W.3d 236, 243-44 (Tex. App.—El Paso 2018, no pet.) We overrule his complaint about the lack of findings of fact and conclusions of law.

## D. Property Division

In the absence of findings of fact and conclusions of law, we imply all findings of fact necessary to support the judgment. *Marchand*, 83 S.W.3d at 795. When, as in this case, there is a complete reporter's record, implied fact findings are not conclusive, and may be challenged for legal and factual sufficiency. *Id*. Here, James' brief makes it clear he is attacking the sufficiency of the evidence to support the trial court's division of the parties' community estate.

The Family Code dictates that in a decree of divorce, a trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party" to the proceeding. Tex. Fam. Code Ann. § 7.001. Although the property division need not be *equal*, it must be *equitable*. *See Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981); *see also In re Marriage of Cruey*, No. 09-21-00125-CV, 2022 WL 3905766, at *5 (Tex. App.—Beaumont Aug. 31, 2022, no pet.) (mem. op). A trial court is given wide latitude in determining an equitable property division, and "may consider such factors as the spouses'

11

capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property." *Murff*, 615 S.W.2d at 699. The trial court's discretion is not, however, unfettered; if the trial court's judgment is not supported by legally and/or factually sufficient evidence, we will find that the trial court has abused its discretion. *See Colmenero v. Colmenero*, No. 01-14-00071-CV, 2015 WL 1245849, at *3 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, no pet.) (mem. op.) (citing *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (explaining that "[i]n family law cases, legal and factual sufficiency challenges do not constitute independent grounds for asserting error[] but are relevant factors in determining whether the trial court abused its discretion.").

To successfully complain of a trial court's division of marital property, a party must show that the trial court's order was "manifestly unjust or unfair." *Lynch v. Lynch*, 540 S.W.3d 107, 127 (Tex. App.—Houston [1st Dist.] 2017, pet denied) (quoting *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). To make this showing, the complaining party must provide evidence of the value of the property in question, so that it may be determined whether such property was or was not inequitably apportioned between the parties;

a party who fails to do so generally waives any complaint that the trial court improperly divided the community estate. *See Howe*, 551 S.W.3d at 253-54.

Although the record does indicate that the property Margie's mother gave her was worth $62,500 when Katlin sold it in November of 2019, this figure does not necessarily represent the property's fair market value at the time Margie conveyed the property to Katlin in February of 2018, nor does it show the value at the time of trial, in November of 2020. Even if we could determine the November 2020 fair market value of the property at issue, its value tells us nothing of its character, meaning whether it is community or separate property. If it was Margie's separate property, its value is irrelevant to the division of the parties' community estate. *See Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 142 (Tex. 1977) (holding that a trial court in a divorce proceeding lacks the power to divest a party of his or her separate property); *see also Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011).

Because James provided no evidence of the value of any property he claims the trial court should have considered, we are unable to "quantify the size of the community pie" so as to determine "how large a slice each spouse was served[.]" *In re Moschopoulos,* 557 S.W.3d 586, 589 (Tex. App.—El Paso 2014, no pet.). We likewise have no evidence of the community funds allegedly expended to improve Margie's separate property. *See Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982) (holding that the party seeking community reimbursement for enhancement

13

of the separate estate of the other spouse has the burden of proving the amount of the community contribution and the enhanced value); *Barber v. Barber,* No. 02-21-00291-CV, 2022 WL 4105363, at *3 (Tex. App.—Fort Worth Sept. 8, 2022, no pet.) (mem. op). We have only James' unsupported contention that he was awarded less than half of the community estate. Even if accurate, a just and right division of the community estate need not necessarily be equal, and a mere showing the division is not unequal is insufficient without more to demonstrate an abuse of discretion on the record before us here. *See Murff,* 615 S.W.2d at 698-99; *Coleman v. Coleman*, No. 09-06-171-CV, 2007 Tex. App. LEXIS 4852, at **7-8 (Tex. App.—Beaumont June 21, 2007, pet. denied).

The trial court heard testimony that James physically and sexually abused Margie. The trial court had additional evidence from which it could reasonably conclude that Margie owned the tracts of land Margie gave to Patricia and Katlin as her separate property, and therefore found that Margie could convey those tracts to them in any manner that she chose. *See In the Estate of Ward*, No. 10-11-00003-CV, 2011 WL 3720829, at *9 (Tex. App.—Waco Aug. 24, 2011, pet. denied) (mem. op.). We must also imply the trial court found James failed to carry his burden to prove that the tracts Margie gave to Patricia and Katlin were included in the couple's homestead. The homestead was located on lots 15 and 16 of block 266 in Harris County, yet the properties Margie conveyed during the marriage were identified as

14

being located in either the James Foster Survey or the Robert Kuykendahl Survey, in San Jacinto County and Montgomery County, respectively. Based on the evidence admitted in the trial, the trial court could reasonably have determined that the tracts Margie acquired from Patricia and from Katlin were given to her as her separate property. *See Id.* Accordingly, the trial court did not abuse its discretion in excluding these parcels of real estate from the property division.

The trial court did not abuse its discretion in denying the motion for new trial because James didn't meet his burden to demonstrate the trial court failed to render a judgment that represents a just, fair, and equitable division of the parties' community estate. Based on the record before us, James has failed to demonstrate that the division of property was manifestly unjust as to constitute an abuse of discretion.

## IV. Conclusion

Because the trial court did not abuse its discretion in denying either the motion for continuance or the motion for new trial, and because James has not shown the trial court did not make a just, fair, and equitable division of the parties' community estate, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 5, 2022
Opinion Delivered December 22, 2022

Before Kreger, Horton and Johnson, JJ.